IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYER PHARMA AG, BAYER INTELLECTUAL PROPERTY GMBH, and BAYER HEALTHCARE PHARMACEUTICALS INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 15-464 (GMS) |
| MACLEODS PHARMACEUTICALS, LTD. and MACLEODS PHARMA USA, INC., | ) ) ) ) | |
| Defendants. | ) | |
| BAYER PHARMA AG, BAYER INTELLECTUAL PROPERTY GMBH and BAYER HEALTHCARE PHARMACEUTICALS INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | C.A. No. 15-832 (GMS) |
| ALEMBIC PHARMACEUTICALS LIMITED and ALEMBIC PHARMACEUTICALS, INC., | ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

## I.  Introduction

Bayer Pharma AG, Bayer Intellectual Property GMBH, and Bayer Healthcare Pharmaceuticals, Inc. (collectively "Bayer") have filed two separate patent infringement suits against two separate pairs of defendants, Macleods Pharmaceuticals, Ltd. and Macleods Pharma USA, Inc. (collectively "Macleods"), and Alembic Pharmaceuticals Limited and Alembic Pharmaceuticals, Inc. (collectively "Alembic").[1] Bayer has requested that the court exercise its discretion under Federal Rule of Civil Procedure Rule 42 to consolidate the two cases for all purposes. C.A. No. 15-464 (D.I. 21); C.A. 15-832 (D.I. 20). For the reasons discussed below, the court will grant in part Bayer's motion.

## II.  Background

Bayer separately initiated two patent infringement actions under the Food, Drug, and Cosmetic Act 505(b) et. seq. Bayer filed its complaint against Macleods on June 15, 2015. C.A. 15-464 (D.I. 1). Bayer filed the second, separate complaint against Alembic on September 18, 2015. C.A. 15-832 (D.I. 1). In both actions Bayer alleged that the named parties have filed ANDAs that constitute statutory infringement of Bayer's U.S. Patent No. 8,613,950 ("'950"). C.A. 15-464 (D.I. 1 at ¶6); C.A. 15-832 (D.I. 1 at ¶10).

On December 15, 2015, Bayer moved to consolidate the two actions because the asserted claims materially overlap and likely overlap in terms of facts and evidence. C.A. 15-464 (D.I. 21 at 1). Alembic filed a biref in opposition to consolidation, requesting instead careful discovery and coordination of the two independent cases. C.A. No. 15-832 (D.I. 22 at 1.) Macleods does

---

[1] C.A. No. 15-464-GMS and C.A. No. 15-832-GMS, respectively.

not oppose consolidation and filed no brief in response to Bayer's motion to consolidate. (*See* C.A. 15-484 Docket) (no response filed by Macleods by the December 31, 2015 response date).

### III. Legal Standard

District courts are given significant, broad discretion to manage their dockets to maximize efficiency while not compromising justice to the parties. Wright & Miller Fed. Prac. & Proc. Civ. § 2381 (3d ed.). Rule 42 states that "[i]f actions before the court involve a common question of law or fact, the court *may* . . . consolidate the actions." Fed. R. Civ. P. 42 (emphasis added). The Third Circuit has expansively construed the district court's discretion to consolidate cases. Rule 42 "confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *Ellerman Lines, Ltd. v. A. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964).

District courts' discretion is not limited merely to consolidation but extends generally to a district court's rulings related to case management generally, both before and during trial. *U.S. v. Schiff*, 602 F.3d 152, 176 (3d Cir. 2010).. Importantly, when cases are consolidated, each retains their distinct identity. *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999). The rights of the parties in the two consolidated matters are also unchanged. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933).

In patent infringement litigation the efficiencies derived from pre-trial consolidation for claim construction and discovery are clearly recognized, in particular in multidistrict litigation. *See In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) (noting that multidistrict litigation benefits from pretrial consolidation for issues of both claim construction and invalidity); *Rohm and Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1310 (D. Del. 1981) (consolidating two

cases involving six patents). In sum, district courts have broad discretion to manage their dockets to ensure judicial efficiency while simultaneously insuring justice for the parties.

## IV. Discussion

Alembic argues that the court should coordinate the cases, but not formally consolidate them. C.A. 15-832 (D.I. 22 at 2). Alembic is concerned not only that their number of discovery requests may be limited in a combined action, but that the time window for their discovery, particularly because their action is the later filed of the two, would be shortened and impair their defense and counterclaims. (*Id.* at 2-3.)

The court will not deny consolidation on the basis of discovery disputes that are better addressed when and if the parties come to that proverbial bridge. These two actions, both alleging infringement of the same patent are typical, ideal candidates for consolidation. Each case will construe the same patent language; each case will require substantially overlapping discovery; and each case will turn on similar invalidity arguments. The questions of law fully overlap. Both would be bench trials, so jury confusion is immaterial. All of these factors support consolidation of the matters into a single, streamlined litigative unit.

## V. Conclusion

Based on the substantial judicial efficiencies discussed above and in light of the broad discretion granted to district courts, the two matters will be consolidated by the accompanying order.

Dated: April 12, 2016

UNITED STATES DISTRICT JUDGE

4