IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER PHARMA AG, BAYER INTELLECTUAL PROPERTY GMBH, and BAYER HEALTHCARE PHARMACEUTICALS INC., <br><br>  Plaintiffs, <br><br>  v. <br><br> ALEMBIC PHARMACEUTICALS LIMITED, ALEMBIC PHARMACEUTICALS, INC., MACLEODS PHARMACEUTICALS, LTD. and MACLEODS PHARMA USA, INC., <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) C.A. No. 15-464 (GMS) ) CONSOLIDATED ) ) ) ) ) ) ) |

# SCHEDULING ORDER

This ___ day of _____ 2016, the Court having ordered these matters consolidated for all purposes on April 12, 2016, *see* C.A. No. 15-464, D.I. 28; C.A. No. 15-832, D.I. 36, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. The parties made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on January 15, 2016.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before October 7, 2016.

3. **Reliance Upon Advice of Counsel.** Plaintiffs have not alleged that any of Defendants' infringement is willful and the parties agree that reliance upon advice of counsel is not relevant to any issue in this case.

      4.    ***Markman* Issues.**  Any claim construction issues shall be addressed in the context of the evidence at trial and post-trial briefing.

      5.    **Discovery**.  All fact discovery in this case shall be initiated so that it will be completed on or before February 24, 2017.

Plaintiffs' collectively shall be permitted to serve up to 25 interrogatories on each Defendant Group.[1] The defendants shall coordinate with one another and jointly serve up to 20 interrogatories on Plaintiffs collectively. In addition, each Defendant Group may serve on Plaintiffs collectively up to 5 individualized interrogatories.

The limitations on depositions set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) shall be modified as such: 12 depositions for the plaintiffs collectively, and 12 depositions for the defendants collectively, except that depositions of a party[2] pursuant to Rule 30(b)(6) will count as one deposition notwithstanding the number of persons designated to offer testimony. Defendants shall coordinate on any common depositions, including depositions of any witnesses whom both Defendant Groups intend to depose, as well as any deposition of Plaintiffs pursuant to Rule 30(b)(6) (*see* footnote 2 *supra*). Any Rule 30(b)(6) notice shall include no more than fifteen (15) topics, including discrete subparts. Individual depositions will proceed consistent with Rule 30(d)(1) absent leave of Court, with the exception that if a deponent testifies wholly or

---

[1] The Defendant Groups are: (1) Macleods Pharmaceuticals, Ltd. and Macleods Pharma USA, Inc. (the "Macleods Group"); and (2) Alembic Pharmaceuticals Limited and Alembic Pharmaceuticals, Inc. (the "Alembic Group").

[2] For clarity, a Rule 30(b)(6) notice served upon the Plaintiffs collectively shall count as one (1) deposition, a Rule 30(b)(6) notice served upon the Macleods Group shall count as one (1) deposition, and a Rule 30(b)(6) notice served upon the Alembic Group shall count as one (1) deposition.

substantially through an interpreter, the party taking the deposition shall be permitted, on a pro rata basis, 1.5 hours of deposition time for each hour spent testifying through the interpreter.

Opening expert reports on issues on which a party bears the burden of proof shall be served on or before May 12, 2017.  Rebuttal expert reports, including Plaintiffs' expert reports regarding objective indicia of non-obviousness, shall be served on or before July 28, 2017.  Reply expert reports, including Defendants' response on objective indicia of non-obviousness, shall be served on or before September 15, 2017.  Expert discovery in this case shall be initiated so that it will be completed on or before November 17, 2017.

      a. **<u>Discovery and Scheduling Matters</u>**: Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), **a joint, nonargumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute.  A sample letter can be located on this court's website at <u>www.ded.uscourts.gov</u>.  After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference.  Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **<u>TWO PAGE LETTER</u>**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6. **Confidential Information and Papers filed under Seal**. The parties agree that the Protective Order entered by the Court on July 7, 2015 in C.A. No. 15-464 (D.I. 10) shall apply to the consolidated action.

7. **Settlement Conference**. These matters have already been referred to United States Magistrate Judge Thynge for the purpose of exploring the possibility of a settlement. *See* C.A. No. 15-464, October 15, 2015 docket entry; C.A. No. 15-832, January 20, 2016 docket entry.

8. **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to District of Delaware Local Rule 7.1.4.

10. **Pretrial Conference**. On February 5, 2018, beginning at 10:00 a.m., the Court will hold a Pretrial Conference with counsel by telephone. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Absent a different agreement among the parties, thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiffs' counsel shall forward to defendants' counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendants' counsel shall, in turn, provide to plaintiffs' counsel any comments on the plaintiffs' draft, as well as the information defendant

proposes to include in the proposed pretrial order. **Motions *in limine***[3]: **NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day).  The parties shall file with the court the joint Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before January 22, 2018.

11.     **Trial**.  This matter is scheduled for a five (5) day bench trial beginning at 9:30 am on February 26, 2018.

12.     **Scheduling**.  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE

---

[3]     The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."